**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Carlos Devon Lewis,<br><br>                Defendant. | No. CR-20-00045-PHX DGC<br><br>**ORDER** |

Defendant Carlos Devon Lewis Loren has at times indicated a desire to represent himself, but in the most recent hearing stated that he did not understand the *Faretta* warnings provided by the Court. As a result, although the Court excused his current counsel, it appointed CJA Attorney Magnus Eriksson to represent Defendant. The Court cautioned Defendant, however, that if he fails to cooperate with Mr. Eriksson in the defense of his case, the Court will deem him to have elected to represent himself. It that occurs, the Court likely will designate Mr. Eriksson to continue in the case as standby counsel.

The Supreme Court has held that a court "may – even over objection by the accused – appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *McKaskle v. Wiggins*, 465 U.S. 168, 176 (1984) (citation omitted). The Court believes that standby counsel may prove to be a particularly valuable resource for Defendant during trial. As the Supreme Court noted:

[Self-representation rights] are also not infringed when standby counsel assists the pro se defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete.  Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure.  In neither case is there any significant interference with the defendant's actual control over the presentation of his defense. . . .

A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel – even over the defendant's objection – to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the pro se defendant's appearance of control over his own defense.

*Id.* at 183.

Dated this 27th day of October, 2020.

David G. Campbell
Senior United States District Judge