**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>vs.<br><br>Carlos Devon Lewis,<br><br>                Defendant. | No. CR-20-00045-PHX-DGC<br><br>**ORDER** |

Defendant Carlos Lewis is charged with armed bank robbery. Doc. 49. His trial is set to begin on June 28, 2021. Doc. 72. The government has filed an unopposed motion for a video deposition of witness Bryanda Ventura. Doc. 92. The Court will set a hearing for **Monday, June 14, 2021 at 1:00 p.m.** to discuss the motion and the specific issues identified below.

**I.     Background.**

Lewis is being detained at CoreCivic pending trial. Due to the COVID-19 pandemic and the fact that he has not been vaccinated, he is subject to health safeguards and travel restrictions and has been ordered sequestered for 14 days before trial, starting June 14, 2021.

Ms. Ventura was working at a Bank of America in Surprise, Arizona when the bank was robbed on September 24, 2019. This robbery forms the basis of count one of the superseding indictment. Ms. Ventura has informed the government that she is not available to appear as a witness on any trial days.

Pursuant to Rule 15 of the Federal Rules of Criminal Procedure, the government moves the Court (1) to order a video deposition of Ms. Ventura at the United States Attorney's Office in Phoenix, Arizona on June 16, 2021, and (2) to order CoreCivic to provide Lewis access to a telephone for the duration of the deposition. Doc. 92 at 2. In light of the current restrictions caused by the pandemic and Defendant's decision not to be vaccinated, the government contends that his physical absence from the deposition does not violate the Confrontation Clause. *Id.* The government states that the motion is not opposed by defense counsel, but the Court has a number of concerns, discussed below.

**II.    Discussion.**

    **A.    Rule 15(h) and the Government's Proposed Deposition Procedures.**

Rule 15(h) provides that "[t]he parties may by agreement take and use a deposition with the court's consent." Fed. R. Crim. P. 15(h); *see United States v. W.R. Grace*, 402 F. Supp. 2d 1178, 1182 (D. Mont. 2005). The government does not cite this specific subsection of Rule 15 in its motion, but notes that Lewis agrees with the proposed deposition procedures. Doc. 92 at 2. Neither Lewis nor his counsel has agreed to the proposed procedures in writing. Nor has Lewis "waive[d] in writing the right to be present" at the deposition. Fed. R. Crim. P. 15(c)(1)(A).

The government is required to "employ[] procedures that are adequate to allow [Lewis] to take an active role in the deposition proceedings." *United States v. Medjuck*, 156 F.3d 916, 920 (9th Cir. 1998). The government asserts that Lewis's ability to take an active role will be protected by providing him "with telephone access during the time set for deposition, so he can listen to the deposition, consult with his attorney prior to direct examination and cross-examination, and again after cross-examination[.]" Doc. 92 at 2. The government cites *Medjuck* in support of this assertion, but the government in that case had "set up an elaborate system to allow Medjuck to witness the depositions live by video feed and to participate with his attorneys by private telephone connection during the depositions[.]" 156 F.3d at 920.

The government does not propose a similar system for Ms. Ventura's deposition (*see* Doc. 92 at 2), and the Court has concerns that a single telephone line for Lewis to listen into the deposition and discuss matters with his counsel during breaks may not be sufficient to comply with Confrontation Clause requirements. *Cf. Medjuck*, 156 F.3d at 920; *United States v. McKeeve*, 131 F.3d 1, 8-9 (1st Cir. 1997) ("[F]urnishing the defendant with the capability for live monitoring of the deposition, as well as a separate (private) telephone line for consultation with counsel, usually will satisfy the demands of the Confrontation Clause.") (citations omitted); *United States v. West*, No. 08 CR 669, 2010 WL 3324886, at *5 (N.D. Ill. Aug. 18, 2010) ("Defendants will be able to participate in the depositions under conditions that this Court, along with other courts, finds satisfies the Confrontation Clause. Their attorneys will attend the Kabul depositions, and the Defendants may participate in them by means of video conference facilities. They may have additional counsel present with them in this country and have private telephone lines to their attorneys in Kabul to pose questions and comments concerning the witnesses' testimony."); *United States v. Tovar-Montoya*, No. 6:14-cr-221-Orl-37DAB, 2015 WL 12978153, at *2 (M.D. Fla. Mar. 30, 2015) ("[I]f the parties can reach agreement to take the Witness's deposition by remote means in a manner that assures Defendant's ability to see, hear, and confront the Witness, and Defendant files a limited waiver of only his right to be physically present at the deposition pursuant to Rule 15(c)(1)(A), then the Court would be inclined to consent to such an arrangement [under Rule 15(h)].").

The procedures proposed by the government do not contain the same protections as the procedures approved by these cases. The parties shall be prepared to address this issue during the June 14 hearing.

### B. The Granting of Motions for Depositions Under Rule 15(a).

"Rule 15(a) allows the district court broad discretion in deciding whether to order depositions in a criminal case and explicitly states that such depositions will be reserved for "exceptional circumstances [and] in the interest of justice[.]'" *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir. 2000) (cleaned up); *see also United States v. Omene*, 143 F.3d

1167, 1170 (9th Cir. 1998) ("The district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied."). "The Ninth Circuit has held that the following factors should be considered when a party seeks to take a Rule 15 deposition: (1) the prospective unavailability of the witness at trial; (2) the good faith effort by the movant to obtain the witness's presence at trial; (3) a demonstration by the movant that the expected testimony would be favorable; and (4) whether the deponent would be available for deposition and willing to testify. *United States v. Hayat*, No. 2:05-CR-0240 GEB DB, 2017 WL 6539610, at \*2 (E.D. Cal. Dec. 20, 2017) (citing *United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir.1995)); *see also Christian v. Rhode*, 41 F.3d 461, 467 (9th Cir. 1994) ("A witness is not 'unavailable' to testify at trial unless the prosecutor makes a good faith effort to obtain the witness's presence. The lengths to which a prosecutor must go to establish good faith is a question of reasonableness.") (citation and brackets omitted).

The government states only that Ms. Ventura has informed it "that she had previously arranged to be out of state from June 24, 2019 to July 10, 2019." Doc. 92 at 1. The government does not explain why Ms. Ventura will be out of state, nor does the government describe the "good faith efforts" it has made to obtain her presence at trial. "Most courts have required some evidentiary basis to establish either unwillingness or inability to attend trial." *Hayat*, 2017 WL 6539610, at \*3 (citations omitted). The government has provided no such evidence in this case. *See United States v. Jinian*, No. CR-09-1103-JSW EDL, 2010 WL 3910138, at \*1 (N.D. Cal. Oct. 5, 2010) ("The Court denied the [initial] motion without prejudice because Mr. Jinian did not present any declarations or other evidence supporting his position that the witnesses in question . . . would be willing to testify at a deposition but would be unwilling to testify at trial.").

Although unavailability of a witness underlies the Rule 15(a) analysis, *see United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998), "a conclusive showing of unavailability is required only to use a deposition in a criminal trial, not to allow the

deposition to be taken so that the testimony can be preserved for possible eventual use[.]" *United States v. Rodriguez-Sifuentes*, 637 F. App'x 1016, 1017 (9th Cir. 2016) (citing *Omene*, 143 F.3d at 1170). "Courts have found a witness unavailable where [the witness] resides in a foreign country and is unwilling or unable to attend trial." *Hayat*, 2017 WL 6539610, at *3 (citing *Medjuck*, 156 F.3d at 920 ("[T]he Canadian witnesses were unavailable for trial because they were beyond the subpoena power of the United States[.]")). In *Rodrigues-Sifuentes*, the defendant showed that "the witnesses were beyond the subpoena power of the court and were 'unwilling, for good reason,' to come to the United States" to testify." *Id.* The Ninth Circuit has found that "[t]his is sufficient for Rule 15(a) purposes under our standards[.]" *Id.* (citing *Medjuck*); *see also Christian*, 41 F.3d at 467 ("'Good faith' and 'reasonableness' are terms that demand fact-intensive, case-by-case analysis, not rigid rules. Here, the prosecution asked the witnesses if they would come to the United States to testify at trial; they refused. The state did not have the power to compel them to do so."); *United States v. Kelly*, 892 F.2d 255, 262 (3d Cir. 1989) ("We conclude that since the government had no power to compel the witnesses to attend, it adopted a reasonable solution when it deposed them in Europe."); *Jinian*, 2010 WL 3910138, at *2 ("Since Jorge Rodriguez is located in Mexico, he is not subject to the subpoena power of this Court, nor is it possible to require his testimony during trial."); *United States v. Danhong Chen*, No. 19-CR-00111-LHK-2, 2020 WL 1322963, at *2-4 (N.D. Cal. Mar. 20, 2020) ("Defendant Ye argues that Kuansheng Chen will be unavailable at trial because Kuansheng Chen is 'beyond the subpoena power of the Court.' . . . These facts do support the conclusion that Kuansheng Chen will ultimately be unavailable at trial.") (citing *Medjuck*).

Ms. Ventura does not reside in a foreign country, and the government does not state that it has attempted a subpoena in this case. *See* Doc. 92 at 2. Absent "good faith efforts" to procure her presence at trial, it does not seem that exceptional circumstances justify her deposition under Rule 15(a). This Circuit has made clear that "[w]hile [a] district court's belief that it would be more convenient and efficient to allow pretrial depositions may be

well-founded, Rule 15 makes no exception for convenience and efficiency." *United States v. Fei Ye*, 436 F.3d 1117, 1123-24 (9th Cir. 2006); *see also United States v. Mixon*, No. CR-14-00631-001-TUC-JGZ, 2016 WL 11658661, at *1 (D. Ariz. Jan. 11, 2016) ("Defendant has argued that travel to testify at trial would be difficult for Ms. Domingo as a result of her fear of confronting Goins and because of an inability to obtain childcare. . . . [T]he Court finds that a court-ordered deposition of Ms. Domingo under Rule 15(a) is not warranted by the present circumstances."); *United States v. Antoinette-Bates*, No. CR 07-77-M-DWM, 2008 WL 11450589, at *1-2 (D. Mont. Sept. 4, 2008) ("Mr. Gasch is 86 years old and cares for his ailing 85-year-old wife. The Gasch's live in Nampa, Idaho, and Mr. Gasch says he cannot travel. The government contends this is an 'exceptional circumstance' and the 'interests of justice' justify a Rule 15 deposition to preserve Mr. Gasch's testimony. . . . The government concedes that while it would rather proceed to trial with Mr. Gasch's testimony, it is prepared to proceed without it. The Court therefore concludes that Mr. Gasch's alleged inability to travel on such short notice is not an 'exceptional circumstance' warranting a Rule 15 deposition."). The parties shall be prepared to address these issues at the June 14 hearing.

### C.   Potential Hearsay Issues.

According to the government, "[t]he parties agree that the deposition testimony can be used in lieu of trial testimony (after litigating any evidentiary issues that arise during the deposition)." Doc. 92 at 2. In *Medjuck*, the Ninth Circuit explained that "an exception has been recognized for admission of deposition testimony where a witness is unavailable to testify at trial[.]" 156 F.3d at 920 (citing *United States v. Kelly*, 892 F.2d 255, 261 (3d Cir. 1989)). "First, the deposition testimony must fall within 'an established exception to the hearsay rule.' Second, the deposition must be taken 'in compliance with law' [i.e., pursuant to Rule 15]. Finally, the defendant must have had an opportunity to cross-examine the deposed witnesses." *Id.*

It appears that the "former testimony" hearsay exception in Federal Rule of Evidence 804(b)(1) would apply, *see Kelly*, 892 at 261-62, but it is not clear from the

present record that Ms. Ventura is in fact an "unavailable witness" under Rule 804(a). And as the Ninth Circuit has explained, "a conclusive showing of unavailability is required . . . to use a deposition in a criminal trial[.]" *Rodriguez-Sifuentes*, 637 F. App'x at 1017.[1] The parties shall be prepared to address hearsay issues at the June 14 hearing.[2]

**IT IS ORDERED** that a hearing on the government's motion for video deposition of witness Bryanda Ventura (Doc. 92) is set for **June 14, 2021 at 1:00 p.m.** Counsel for the government and Mr. Lewis can appear telephonically, and, given the fact that he will be sequestered for the 14-day period before trial, Mr. Lewis shall participate in the hearing by telephone if his counsel consents.

Dated this 11th day of June, 2021.

*David G. Campbell*

David G. Campbell
Senior United States District Judge

---

[1] A witness is considered unavailable under Rule 804(a) where she: "(1) is exempted from testifying about the subject matter of [her] statement because the court rules that a privilege applies; (2) refuses to testify about the subject matter despite a court order to do so; (3) testifies to not remembering the subject matter; (4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or (5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure[] (A) [her] attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6)[,] or (B) [her] attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2), (3), or (4)."

[2] Rule 15 provides that a defendant may be excluded from a deposition where he "persists in disruptive conduct justifying exclusion after being warned by the court that disruptive conduct will result in [his] exclusion." Fed. R. Crim. P. 15(c)(1)(B). The government asserts that, "during prior hearings, [Lewis] has persistently engaged in disruptive conduct despite repeated warnings from the Court [and there] is no basis to conclude that [he] would conform his behavior during a deposition, when the Court is not present, which justifies his physical absence during [Ms. Ventura's] deposition." Doc. 92 at 2. The Court will not assume in advance that Lewis would be disruptive during the deposition. *See United States v. Whitlow*, No. 4:14-CR-3015, 2014 WL 4723024, at *12 (D. Neb. Sept. 23, 2014), *aff'd*, 815 F.3d 430 (8th Cir. 2016) ("[A]lthough the court has substantial concern about how the defendant will conduct himself during depositions, his [prior] conduct . . . does not warrant an assumption he will cross the line during the course of a deposition.").