**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Carlos Devon Lewis,<br><br>Defendant. | No. CR-20-00045-PHX-DGC<br><br>**ORDER** |

Defendant was charged with the armed robbery of three banks.  Doc. 49; *see* 18 U.S.C. § 2113.  Defendant represented himself during the four-day bench trial in September and October 2021.  *See* Docs. 125-130.  The Court found Defendant guilty on each count and sentenced him to 25 years in prison.  Docs. 133, 151, 154.  Defendant has appealed his conviction and sentence.  Doc. 150.

The government has filed a motion to supplement the record on appeal.  Doc. 194.  For reasons stated below, the Court will grant the motion.

Defendant raises a *Faretta* issue regarding his Sixth Amendment waiver of counsel.  *See id.* at 1; *Faretta v. California*, 422 U.S. 806 (1975) (a defendant must "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'") (citation omitted).  "In order to deem a defendant's *Faretta* waiver knowing and intelligent, the district court must insure that he understands 1) the nature of the charges against him, 2) the possible penalties, and 3) the 'dangers and disadvantages of self-representation.'"  *United*

*States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004) (citation omitted). Defendant argues that the Court erred in accepting his *Faretta* waiver because he was not made aware of the elements of the charges against him and the maximum penalties available for those charges. *See* Doc. 194 at 1-2.

The government moves to supplement the record pursuant to Federal Rule of Appellate Procedure 10(e), which authorizes the Court to add to the record on appeal "anything material to either party" that has been "omitted from . . . the record by error or accident[.]" Fed. R. App. P. 10(e)(2)(B). Specifically, the government seeks to supplement the record with an email and proposed plea agreement the government sent to defense counsel on February 8, 2021. *See* Doc. 194-1. According to the government, these documents will provide necessary context to the Court of Appeals in determining whether Defendant was aware of the nature of the charges against him and potential penalties he faced prior to his *Faretta* waiver. Doc. 196 at 2 (citing *United States v. Hernandez-Velazquez*, 581 F. App'x 676 (9th Cir. 2014) ("[W]hen the district court has not made an adequate waiver inquiry, the defendant's waiver must be evaluated in light of the record as a whole. Throughout this inquiry, we must focus on what the defendant understood, rather than on what the court said or understood.") (cleaned up)).

The February 8, 2021 email states, in relevant part:

> Attached to this email is a proposed "combo" plea agreement to resolve the supervised release violation as well as the new case. In a nutshell, Mr. Lewis would plead guilty to Count 3 of the Superseding Indictment and the remaining charges would be dismissed. . . . By my estimate, Mr. Lewis' USSG range is 188-235 months' under Sections 2B3.1 and 4B1.1, with a criminal history category VI.

Doc. 194-1 at 2. The proposed plea agreement contains sections on the elements of armed bank robbery and maximum penalties. *Id.* at 4, 8-9. During a pretrial hearing on September 1, 2021, the government placed on the record that it had made a plea offer to Defendant and he rejected the offer. *See* Docs. 112, 170 at 42-44. The government

described the terms of the plea offer at the hearing, but did not make the proposed plea agreement part of the record.

The Court concludes that the February 8, 2021 email and proposed plea agreement are material to the government's argument on appeal and may provide context as to what Defendant knew at the time of his *Faretta* waiver. The Court accordingly will grant the government's motion to supplement the record. *See United States v. Karadimos*, 479 F. App'x 144 (9th Cir. 2012) ("Though the discovery the government seeks to submit on appeal was not filed with the district court, remanding for the district court to review it in the first instance would be contrary to the interests of justice and the efficient use of judicial resources. The record shows the discovery was served on defense counsel on November 18, 2009, and we discern no prejudice to considering it on appeal.") (citation omitted).

Defendant contends that the transcript of the September 1, 2021 hearing shows that his trial counsel conveyed the plea offer, but does not support the government's assertion that counsel read him the entire plea agreement or that he understood all of its terms. Doc. 195 at 1 n.1. Defendant can make this argument on appeal, and it will be up to the Court of Appeals to decide how much weight to give the hearing transcript and the proposed plea agreement.

**IT IS ORDERED:**

1. The government's motion to supplement the record on appeal (Doc. 194) is **granted**.

2. The February 8, 2021 email and proposed plea agreement (Doc. 194-1) shall be made part of the certified record on appeal.

3. The Clerk shall forward a copy of this order to the Court of Appeals.

Dated this 1st day of February, 2024.

David G. Campbell
Senior United States District Judge

3